**AKERMAN LLP**
JUSTIN D. BALSER (SBN 213478)
Email: justin.balser@akerman.com
PRESTON K. ASCHERIN (SBN 260361)
Email: preston.ascherin@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

Attorneys for Defendants
AURORA LOAN SERVICES LLC and
NATIONSTAR MORTGAGE LLC

x

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN REBECCA NARANJO, an individual. <br><br>           Plaintiff, <br><br> v. <br><br> AURORA LOAN SERVICES, LLC. F/K/A AURORA BANK, F.S.B.; U.S. BANK AS TRUSTEE FOR STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-4; NATIONSTAR MORTGAGE, L.L.C.; and Does 1 – 10, inclusive, <br><br>           Defendants. | Case No. 3:14-cv-00065-L (BLMx) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO DISMISS AND STRIKE** <br><br> [Fed. R. Civ. P. 12(b)(6) and (f)] <br><br> <u>Document Filed Concurrently Herewith:</u> <br> 1. Notice of Motion <br> 2. Request for Judicial Notice <br><br> <u>Hearing:</u> <br> Date:          March 3, 2014 <br> Time:          2:30 p.m. <br> Courtroom:  13B <br><br> Removal Date:     January 9, 2014 <br> Trial Date:          None |

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MOTION TO STRIKE**

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................................. 1

II.     STATEMENT OF FACTS ................................................................... 2

    A.      Plaintiff's Loan, Default, and Loan Modification Application ................. 2

    B.      Plaintiff's First Bankruptcy ................................................................ 3

    C.      Plaintiff Brings "Wrongful Foreclosure" Suits for Three Properties ......... 3

    D.      Plaintiff's Second Bankruptcy ............................................................ 3

    E.      Plaintiff's Third Bankruptcy ............................................................... 4

    F.      *Naranjo II* Dismissed ....................................................................... 4

    G.      *Naranjo IV* Filed .............................................................................. 5

III.    LEGAL STANDARD ........................................................................... 5

    A.      Fed. R. Civ. P. 12(b)(6) ..................................................................... 5

    B.      Fed. R. Evid. 201 ............................................................................... 6

IV.     LEGAL ARGUMENT .......................................................................... 6

    A.      Plaintiff's Claims Are *Still* Barred by Her Bankruptcies ......................... 6

        1)      Plaintiff Lacks Standing Due to Her Chapter 7 Bankruptcy ............ 6

        2)      Plaintiff's Claims Should Be Held Judicially Estopped *Again* ........ 7

    B.      Plaintiff Lacks Standing Because She Has Not Tendered ........................ 9

    C.      Plaintiff Lacks Standing for Lack of Prejudice ...................................... 10

    D.      Each of Plaintiff's Causes of Action Individually Fail ........................... 12

        1)      Plaintiff's First Cause of Action for Breach of Contract Fails ...... 12

        2)      Plaintiff's Third Cause of Action for Promissory Estoppel Fails ................................................................................. 13

        3)      Plaintiff's Second Cause of Action for Negligence Fails .............. 14

        4)      Plaintiff's Fourth Cause of Action for Declaratory Relief Fails .... 15

V.      MOTION TO STRIKE REQUEST FOR PUNITIVE DAMAGES & ATTORNEY'S FEES ........................................................................... 16

VI.     CONCLUSION ..................................................................................... 17

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MOTION TO STRIKE**

# <u>TABLE OF AUTHORITIES</u>

<u>**Page(s)**</u>

<u>Cases</u>

*Abdallah v. United Sav. Bank,*
  43 Cal.App.4th 1101, 1109 (1996)..................................................................9

*Aguilar v. Lerner*
  32 Cal.4th 974, 986 (2004) ............................................................................7

*Anderson v. Angelone,*
  86 F.3d 932 (9th Cir. 1996) ...........................................................................6

*Arnolds Mgmt. Corp. v. Eischen,*
  158 Cal.App.3d 575, 578-79 (1984) ..............................................................9

*Ashcroft v. Iqbal,*
  129 S.Ct. 1937 (2009) .................................................................................5, 6

*Aspiras v. Wells Fargo Bank, N.A.,*
  219 Cal.App.4th 948 (2013) .........................................................................14

*Avirez Ltd. v. Resolution Trust Co.,*
  876 F.Supp. 1125 (C.D.Cal. 1995) ..............................................................15

*Balisteri v. Pacifica Police Dept.,*
  901 F.2d 696 (9th Cir. 1988) .........................................................................5

*Beck v. State Farm Mutual Auto Ins. Co.,*
  54 Cal.App.3d 347 (1976).............................................................................16

*Bell Atlantic v. Twombly,*
  550 U.S. 544, 127 S. Ct. 1964-65 (2007) .....................................................5

*Bostanian v. Liberty Savings Bank, F.S.B.*
  52 Cal.App.4th 1075, 1081 (1997) ................................................................7

*Calvin v. Potter,*
  No. 07 C 3056, 2009 WL 2588884 (N.D.Ill. Aug. 20, 2009) .......................8

*Cf. Cox Comm'ns L.P. v. City of San Marcos,*
  204 F.Supp.2d 1272, 1283 (S.D. Cal. 2002) ...............................................15

*City of Hollister v. Monterey Ins. Co.,*
  165 Cal.App.4th 455, 480 (2008)..................................................................15

*Cloud v. Northrupp Grumman Corp.*
  67 Cal.App.4th 995, 1001 (1998)...................................................................7

*Cobb v. Aurora Loan Services, LLC*
  408 B.R. 351, 354-55 (E.D.Cal. 2009) ..........................................................7

*Dore v. Arnold Worldwide, Inc.,*
  39 Cal. 4th 384, 139 P.3d 56, 61 (2006) ......................................................14

*Durkee v. Goodyear Tire & Rubber Co.,*
  676 F.Supp. 189, 193 (W.D.Wis. 1987) .......................................................14

*Fin. Sec. Assurance, Inc. v. Stephens, Inc.,*
  450 F.3d 1257 (11th Cir. 2006) .....................................................................6

*FPCI RE-HAB 01 v. E & G Investments, Ltd.,*
  207 Cal.App.3d 1018, 1022 (1989) .............................................................10

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*Grant v. Aurora Loan Services, Inc.*,
  No. 2:09-cv-08174-MMM-RZ, --- F.Supp.2d ---, 2010 WL 3517399 (C.D.Cal. Sept.
  10, 2010)...................................................................................................................................9

*Grieves v. Superior Court*,
  157 Cal.App.3d 159 (1984).................................................................................................16

*Healy v. Brewster*,
  59 Cal. 2d 455, 463 (1963)..................................................................................................13

*Hester v. Farmers Home Admin.*
  49 B.R. 593, 599 (Bankr.E.D.Mo. 1985) .............................................................................7

*Humboldt Sav. Bank v. McCleverty*,
  161 Cal. 285, 290-91 (1911)................................................................................................9

*In re U.S. Office Prods. Co. Sec. Lit.*,
  251 F.Supp.2d 58, 75 (D.D.C. 2003) ..................................................................................14

*Jolley v. Chase Home Finance, LLC*,
  213 Cal.App.4th 872, 899 (2013)........................................................................................14

*Karlsen v. American Sav. & Loan Ass'n*,
  15 Cal.App.3d 112, 121 (1971)............................................................................................9

*Knapp v. Doherty*,
  123 Cal.App.4th 76 (2004)..................................................................................................10

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005).............................................................................................6

*Lehner v. United States*,
  685 F.2d 1187 (9th Cir. 1982).............................................................................................10

*Livid Holdings, Ltd. v. Salomon Smith Barney, Inc.*,
  416 F.3d 940 (9th Cir. 2005)...............................................................................................5

*Lortz v. Connell*,
  273 Cal.App.2d 286, 290 (1969).........................................................................................12

*Macias v. WMC Mortgage Corp.*
  No. 09cv1374, 2010 WL 114006 (S.D.Cal. Jan. 6, 2010) ...................................................7

*Marcelos v. Dominguez*,
  No. C 08-00056, 2008 WL 1820683 (N.D.Cal. April 21, 2008) ........................................16

*Moore v. Chase Bank*,
  Case No. 08-0350 SC, 2008 WL 961161, slip op. at *4 (N.D. Cal. Apr. 7, 2008) ....11

*Neighbors v. Mortg. Electronic Registration Systems, Inc.*
  No. C 08-5530, 2009 WL 192445, at *4 (N.D.Cal. Jan. 27, 2009) ............................8

*Otworth v. S. Pac. Transp. Co.*,
  166 Cal.App.3d 452, 459 (1985).........................................................................................12

*Parrino v. FHP, Inc.*,
  146 F.3d 699 (9th Cir. 1998)...............................................................................................6

*Phillips Med. Capital, LLC v. Med. Insights Diagnostics Center, Inc.*,
  471 F. Supp. 2d 1035 (N.D. Cal. 2007) ..............................................................................13

*Poway Royal Mobilehome Owners Ass'n v. City of Poway*,
  149 Cal. App. 4th 1460, (2007)..........................................................................................13

*Raedeke v. Gibralter Sav. & Loan Assn'n*,
  10 Cal.3d 665 (1974)..........................................................................................................12

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*Reynoso v. Paul Financial, LLC*,
  No. 09-3225 SC, 2009 WL 3833298, at *4 (N.D.Cal. Nov. 16, 2009) ...................11

*Saldate v. Wilshire Credit Corp.*,
  686 F.Supp.2d 1051 (E.D. Cal. 2010)..................................................................9

*Secrest v. Security Nat'l Mortgage*,
  167 Cal.App.4th 544 (2008).............................................................................12

*Sierra Switchboard Co. v. Westinghouse Elec. Corp.*
  789 F.2d 705, 707-709 (9th Cir. 1986) .............................................................7

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001)...........................................................................5

*Tresemer v. Varke*,
  86 Cal.App.3d 656 (1978)...............................................................................16

*U.S. Cold Storage California v. Great W. Sav. & Loan Assoc.*,
  165 Cal.App.3d 1214, 1222 (1985)...................................................................9

*United States v. Whiting Pools, Inc.*
  462 U.S. 198, 205 (1983) ................................................................................7

*Vega v. JP Morgan Chase Bank, N.A.*,
  No. CV F 09-1444, 2009 WL 2731039 (E.D.Cal. Aug. 26, 2009)...........................10

*Vreugdenhill v. Navistar Int'l. Transp. Corp.*
  950 F.2d 524, 525-526 (8th Cir. 1991) .............................................................7

*Williams v. Koenig*,
  219 Cal. 656, 660 (1934)................................................................................9

*Wood v. Aegis Wholesale Corp.*,
  No. 1:09-cv-536, 2009 WL 1948844, at *8 (E.D. Cal. July 6, 2009)......................10

<u>Statutes</u>

11 U.S.C. § 541(a) (7)...........................................................................................6

11 U.S.C. § 541(a)(1)............................................................................................6

11 U.S.C. § 554(d) ..............................................................................................7

*Civil Code* § 1624 .............................................................................................12

*Civil Code* § 1698 .............................................................................................12

*Civil Code* § 3294 .............................................................................................16

*Civil Code* §1624 ..............................................................................................13

*Code Civ. Proc.* § 1021 .......................................................................................17

<u>Other Authorities</u>

4 Miller & Starr, Cal. Real Estate (2d ed. 1989) § 9:154 at 507-08............................9

<u>Rules</u>

Federal Rules of Civil Procedure 12.....................................................................5, 16

Federal Rules of Civil Procedure 8.........................................................................6

Federal Rules of Evidence 201 ..............................................................................6

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MOTION TO STRIKE**

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 — FAX: (213) 627-6342

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.   INTRODUCTION

Plaintiff Carmen Rebecca Naranjo (aka Carmen Naranjo Tapner) (**plaintiff**) is a serial-filer of frivolous actions and bankruptcies intended to delay foreclosure on her numerous million-dollar properties.   The pertinent facts are simple: plaintiff obtained a $987,100.00 adjustable rate loan in 2006 secured by one of four properties she owned; defaulted thereon; was found ineligible for a loan modification; then brought a baseless lawsuit feigning ignorance as to whom she owes her loan payments; and now brings **another** baseless suit based on newly conjured allegations that her former loan servicer Aurora Loan Services LLC (**ALS**)[1] "verbally represented that in exchange for" her making payments under a written agreement which did **not** promise her a loan modification she would nonetheless be granted a loan modification.

Plaintiff's suit utterly lacks merit.   This suit (***Naranjo IV***) is a poorly plotted *Part Deux* sequel to her prior suit (***Naranjo II***).   *Naranjo II* was one of three suits previously brought by plaintiff in three months to stall foreclosure due to her default on three loans secured by three of plaintiff's million-dollar properties.   (*See* Request for Judicial Notice (**RJN**), Exs. B-E (documents from *Naranjo II*) & F-G (portions of plaintiff's complaints in case numbers 3:11-cv-02229 (***Naranjo I***) and 3:11-cv-02644 (***Naranjo III***).)[2]   *Naranjo II* was based on allegations of the purportedly improper securitization of the subject loan.   That suit was dismissed by Judge John A. Houston on August 27, 2013, based on his finding plaintiff should be judicially estopped from bringing her claims due to her taking inconsistent positions (i.e., her failure to disclose the existence of her claims) in at least two bankruptcy proceedings.   (RJN, Ex. E.)

Inexplicably, plaintiff filed her instant action based on allegations pre-dating her three bankruptcy proceedings without even attempting to address her repeated failure

---

[1] Servicing of the loan was subsequently transferred to defendant Nationstar Mortgage LLC (**Nationstar**).

[2] *Naranjo I* and *III* related to different real properties and named different defendants.

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MOTION TO STRIKE**

to disclose these claims.   Moreover, her allegations in this action (i.e., she was promised a loan modification) are inconsistent with her allegations in *Naranjo II* (i.e., she was considered but found ineligible for a loan modification).

In addition, plaintiff's claims here fail on their own for at least the following reasons:

- plaintiff fails to cite verbatim or attach the written forbearance agreement at issue;
- plaintiff tacitly acknowledges any written agreement did **not** promise a loan modification;
- plaintiff cannot rely upon oral promises that contradict a written agreement;
- recent law is clear defendants cannot be found "negligent" in this context; and
- plaintiff alleges no basis for declaratory relief, which is a remedy and not an independent cause of action.

Plaintiff's complaint (**Complaint** or **Compl.**) should be dismissed in its entirety without leave to amend.

## II.   STATEMENT OF FACTS

### A.   Plaintiff's Loan, Default, and Loan Modification Application

On March 6, 2006, plaintiff executed a promissory note in the amount of $987,100.00 for a loan (the **Loan**) secured by a deed of trust (**Deed of Trust** or **DOT**) recorded against real property at 7060 Heron Circle, Carlsbad, CA 92011 (the **Property**)[3], on one of four properties[4] owned by plaintiff at the time. (Compl., ¶ 5; RJN, Ex. A (DOT); RJN, Ex. C (*Naranjo II* **Compl.**), ¶ 26; RJN, Ex. D (*Naranjo II* **FAC**), ¶ 17.)

---

[3] Six months later, plaintiff obtained a $200,000.00 credit line also secured by the Property. (RJN, Ex. H.)

[4] *See* e.g., RJN Exs. I (Schedule A in First Bankruptcy Petition (Doc. 1, p. 7)) and K (Schedule A in Second Bankruptcy Petition (Doc. 1, p. 7)).

**AKERMAN LLP**
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

ALS previously serviced, and Nationstar currently services the Loan. (*E.g.,* Compl., ¶¶ 6 & 21; *Naranjo II* FAC, Ex. D thereto (servicing transfer notice) and ¶¶ 22 & 24.)

Plaintiff applied for modification of her Loan, but was found ineligible. (Compl., ¶¶ 8 & 18; *Naranjo II* Compl., ¶ 36.)

## B.   Plaintiff's First Bankruptcy

On March 3, 2011, plaintiff filed a chapter 7 bankruptcy petition (the **First Bankruptcy**) with the United States Bankruptcy Court, Southern District of California (**USBC**).  (RJN, Ex. I.)  Plaintiff identified as assets the Property and three other real properties with a total value of $3,359.500.00.  (*Id*. at Doc. 1, p. 7 of 66.)  **She did not disclose her claims** from *Naranjo I, II, III* or *IV*.  (*See,* generally, *id*.)  **Nor did she identify the loan as under dispute**.  (*Id*. at Doc. 1, p. 12 of 66.)

On April 1, 2011, ALS moved for relief from the automatic stay regarding the Property.  (RJN, Ex. J (Doc. 15).)  Plaintiff opposed that motion on the grounds ALS' "interest in the property is adequately protected."  (*Id*. (Doc. 26, at ¶ 6.a.).)  Plaintiff did not suggest foreclosure was improper due to a purported loan modification promised in September 2009 as she now alleges.  (*See*, generally, *id*. (Doc. 26).)

Before ALS' motion was heard, plaintiff was granted a discharge of other debt. (RJN, Ex. I. (Doc. 35))

## C.   Plaintiff Brings "Wrongful Foreclosure" Suits for Three Properties

On September 26, 2011, plaintiff initiated the *Naranjo I* case.  (RJN, Ex. F.)

On October 4, 2011, plaintiff initiated *Naranjo II*  (RJN, Exs. B & C.)

On November 14, 2011, plaintiff initiated the *Naranjo III* case.  (RJN, Ex. G.)

## D.   Plaintiff's Second Bankruptcy

On October 13, 2011, plaintiff filed a chapter 13 bankruptcy petition (the **Second Bankruptcy**) with the USBC **through her current counsel**, Deborah Gutierrez.  (RJN, Ex. K.)  Plaintiff identified as assets the Property and three others, this time with a total value of $0.00 (zero dollars).  (*Id*. at Doc. 1, p. 7 of 10.)

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MOTION TO STRIKE**

**She still did not disclose her claims** from *Naranjo I, II, III* or *IV* (*see*, generally, *id.*) although *Naranjo I* and *II* had already been initiated.

On October 28, 2011, the chapter 13 trustee moved for an order barring plaintiff any discharge due to her discharge in the First Bankruptcy. (RJN, Ex. K (Doc. 10).)

On November 10, 2011, the Second Bankruptcy was dismissed for failure to file schedules, statements and a bankruptcy plan. (RJN, Ex. K (Doc. 16).)

### E. Plaintiff's Third Bankruptcy

On August 20, 2012, plaintiff filed a chapter 13 bankruptcy petition (the **Third Bankruptcy**) with the USBC. (RJN, Ex. L.) Plaintiff again identified as assets the Property and two others, this time with a total value of $0.00 (zero dollars). (*Id.* at Doc. 1-2, p. 6 of 8.) **She still did not disclose her claims** from *Naranjo I, II, III* or *IV* (*see,* generally, Ex. L) although *Naranjo I, II* and *III* had already been initiated.

On October 25, 2012, the chapter 13 trustee objected to confirmation of plaintiff's proposed bankruptcy plan and moved to dismiss the Third Bankruptcy because of, among other things, plaintiff's lack of good faith in proposing her plan. (RJN, Ex. L (Doc. 24).)

On December 12, 2012, the USBC sustained the trustee's objection, granted his motion to dismiss, and the Third Bankruptcy was dismissed on December 28, 2012. (RJN, Ex. L (docket).)

### F. *Naranjo II* Dismissed

On August 27, 2013, Judge John A. Houston granted defendants' motion to dismiss plaintiff's FAC in *Naranjo II,* finding:

> plaintiff's claims in this case must be judicially estopped. The record reflects plaintiff has asserted inconsistent positions by failing to include her causes of action in bankruptcy filings and subsequently attempting to sue on those claims outside the bankruptcy proceeding.

(RJN, Ex. E.)

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**G.** *Naranjo IV* **Filed**

On January 9, 2014, defendants removed the instant action from the Superior Court for the State of California, County of San Diego to this Court.

Defendants now move to dismiss and strike portions of plaintiff's Complaint.

**III. LEGAL STANDARD**

**A. Fed. R. Civ. P. 12(b)(6)**

Dismissal is proper under Rule 12(b)(6) where there is a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *see Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (court need not accept as true unreasonable inferences or conclusory legal allegations cast as factual allegations).  "A plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1964-65 (2007).

The Supreme Court in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), reviewed the motion to dismiss standard, finding a complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949.  This means "naked assertions devoid of further factual enhancement" no longer suffice.  *Id.* at 1949 (internal quotation omitted).  What is more, the facts actually pleaded must give rise to a plausible claim for relief. *Id.*  A claim only has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).  Dismissal with prejudice is proper if "it is clear that the complaint could not be saved by any amendment." *Livid Holdings, Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**B.    Fed. R. Evid. 201**

The Court, as a general matter, may not consider material other than the facts alleged in the complaint when deciding a motion to dismiss.  *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).  However, the Court may consider extrinsic documents when "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 450 F.3d 1257, 1264 (11th Cir. 2006) (recognizing exception where "plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss.").  This exception is designed to "[p]revent … plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).

Plaintiff's Complaint fails under the *Iqbal* and *Twombly* pleading standards. Indeed, she does not even meet Rule 8's notice pleading standard, as the complaint "do[es] not permit the court to infer more than the mere possibility of misconduct…." *See Iqbal*, 129 S.Ct. at 1950 (quoting Fed. Rule Civ. Proc. 8(a)(2)).    Plaintiff's Complaint should be dismissed with prejudice.

## IV.    LEGAL ARGUMENT

### A.    Plaintiff's Claims Are *Still* Barred by Her Bankruptcies

#### 1)    Plaintiff Lacks Standing Due to Her Chapter 7 Bankruptcy

Plaintiff initiated a Chapter 7 bankruptcy on March 3, 2011.  (RJN, Ex. I.) The filing of a bankruptcy petition creates a bankruptcy estate, which consists of "all legal or equitable interests of the debtor in property as of the commencement of the case" and "[a]ny interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a)(1) & (7).  Section 541's definition of "property" is

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

interpreted broadly to include causes of action. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 (1983); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707-709 (9th Cir. 1986); *see also Cloud v. Northrupp Grumman Corp.*, 67 Cal.App.4th 995, 1001 (1998).

"[A] Chapter 7 debtor may not prosecute on his or her own a cause of action belonging to the bankruptcy estate unless the claim has been abandoned by the trustee." *Bostanian v. Liberty Savings Bank, F.S.B.,* 52 Cal.App.4th 1075, 1081 (1997). Assets, such as causes of action, not listed on bankruptcy schedules cannot be "deemed abandoned" because property must be formally scheduled to be abandoned as a matter of law. *Vreugdenhill v. Navistar Int'l. Transp. Corp.,* 950 F.2d 524, 525-526 (8th Cir. 1991); *Hester v. Farmers Home Admin.,* 49 B.R. 593, 599 (Bankr.E.D.Mo. 1985). Unless the court orders otherwise, property that is not abandoned under this section and not administered in the case remains property of the estate. 11 U.S.C. § 554(d).

Under the Bankruptcy Code, all claims became property of the estate upon filing and remain its property now. Plaintiff has not obtained an abandonment of these claims from the trustee. As such, she lacks standing and is not the real party in interest. *Bostanian*, 52 Cal.App.4th at 1080; *Cobb v. Aurora Loan Services, LLC*, 408 B.R. 351, 354-55 (E.D.Cal. 2009) (dismissed borrower's undisclosed claims); *Macias v. WMC Mortgage Corp*., No. 09cv1374, 2010 WL 114006 (S.D.Cal. Jan. 6, 2010).

For this reason alone, the Complaint should be dismissed with prejudice.

### 2)   Plaintiff's Claims Should Be Held Judicially Estopped *Again*

Judicial estoppel is a doctrine developed by the courts to prevent litigants from "playing fast and loose" with the courts by advancing inconsistent positions in the same, or different, cases. *See Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778, 783 (9th Cir. 2001); *Aguilar v. Lerner*, 32 Cal.4th 974, 986 (2004). The doctrine applies when "(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (*i.e.*, the tribunal adopted the position or

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MOTION TO STRIKE**

accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake." *Aguilar*, 32 Cal.4th at 986.

Here, plaintiff availed herself of the benefits of filing for bankruptcy (e.g., automatic stays against foreclosure) **three times**. Despite the fact that *Naranjo II* was dismissed for her failure to disclose her claims in that suit in her bankruptcy proceedings, she blithely filed the instant action although she still had not disclosed her claims in any of her three bankruptcy proceedings. As plaintiff knows from the dismissal of *Naranjo II*, where a party has withheld information about a legal claim from the bankruptcy schedules it is appropriate for a court to dismiss the claim under the doctrine of judicial estoppel. *See Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal.App.4th 1602, 1609-14 (2011) (wrongful foreclosure plaintiff's claims judicially estopped for failure to disclose in bankruptcy); *Hamilton v. State Farm*, 270 F.3d at 784; *Calvin v. Potter*, No. 07 C 3056, 2009 WL 2588884 (N.D.Ill. Aug. 20, 2009) (plaintiff estopped from pursuing race and sex discrimination claim that she did not mention on bankruptcy schedules); *Neighbors v. Mortg. Electronic Registration Systems, Inc.*, No. C 08-5530, 2009 WL 192445, at *4 (N.D.Cal. Jan. 27, 2009).

Not only had plaintiff already initiated this action by the time she filed her Second Bankruptcy, she was represented by the same counsel as is representing her now and as who represented her in *Naranjo II*. Then, she filed her Third Bankruptcy while *Naranjo II* was still pending.

The doctrine of judicial estoppel is meant to stop precisely the type of playing "fast and loose" with the courts plaintiff and her counsel has engaged in and **continue** to engage in.

This Court should hold plaintiff's claims herein judicially estopped.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**B.    Plaintiff Lacks Standing Because She Has Not Tendered**

Plaintiff's Complaint fails because she does not allege valid tender of her debt. If a defaulting borrower requests relief in equity, *e.g.*, setting aside or challenging a foreclosure proceeding, the borrower must first do equity by paying the entire loan amount prior to the sale. *See Arnolds Mgmt. Corp. v. Eischen*, 158 Cal.App.3d 575, 578-79 (1984); *Humboldt Sav. Bank v. McCleverty*, 161 Cal. 285, 290-91 (1911); *Williams v. Koenig*, 219 Cal. 656, 660 (1934); *U.S. Cold Storage California v. Great W. Sav. & Loan Assoc.*, 165 Cal.App.3d 1214, 1222 (1985) (cited authority omitted); 4 Miller & Starr, Cal. Real Estate (2d ed. 1989) § 9:154 at 507-08. The "tender rule" applies to a plaintiff's request to set aside a foreclosure and any causes of action that derive from the allegedly wrongful foreclosure or seek redress from foreclosure. *Arnolds*, 158 Cal.App.3d at 578-80. Any cause of action implicitly integrated with allegations of irregular foreclosure thus fails unless the trustor can allege and establish a valid tender. *See id.* at 579.

"Plaintiff's failure to allege that [s]he has tendered or can tender the amount of h[er] indebtedness renders [her] wrongful foreclosure claim deficient." *Grant v. Aurora Loan Services, Inc.*, 736 F.Supp.2d 1257, 1270 (C.D. Cal. Sept. 10, 2010); *see also Saldate v. Wilshire Credit Corp.*, 686 F.Supp.2d 1051, 1060-61 (E.D. Cal. 2010) (without tender, complaint "does not state a cause of action which a court of equity recognizes," entitling MERS to dismissal of **all** of plaintiffs' claims against it).

The tender rule is strictly applied. *See Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439 (2003). It is a borrower's responsibility to make an unambiguous tender of the entire amount due or the tender is of no effect. *See id.* Absent alleged and actual tender, the complaint fails to state a claim. *See Karlsen v. American Sav. & Loan Ass'n*, 15 Cal.App.3d 112, 121 (1971); *Abdallah v. United Sav. Bank,* 43 Cal.App.4th 1101, 1109 (1996).

"The rationale behind this [tender] rule is that if Plaintiff could not have redeemed the property [*i.e.*, paid the full loan amount] had the sale procedures been

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

proper, any irregularities in the sale did not result in damages to the Plaintiff." *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1022 (1989).

Courts apply the tender rule even where the foreclosure has not yet taken place. *E.g.,Vega v. JP Morgan Chase Bank, N.A.*, No. CV F 09-1444, 2009 WL 2731039, *4-5 (E.D.Cal. Aug. 26, 2009) (*citing Karlsen*, 15 Cal.App.3d at 17); *see also Wood v. Aegis Wholesale Corp.*, No. 1:09-cv-536, 2009 WL 1948844, at *8 (E.D. Cal. July 6, 2009).

Although plaintiff's Complaint is artfully pleaded to read like a breach of contract complaint rather than so-called "wrongful foreclosure" complaint, she still ultimately requests relief from foreclosure.  (*E.g.*, Compl. at 11:14-15 & 18-23.)

All of plaintiff's claims are barred by her failure to allege actual, valid tender.

## C.    Plaintiff Lacks Standing for Lack of Prejudice

Plaintiff's claims also fail because she has shown no prejudice.  Plaintiff alleges no facts of any purported irregularity with real world consequences.  In *Knapp v. Doherty*, 123 Cal.App.4th 76 (2004) borrowers challenged foreclosure based on allegations that the notice of sale was sent too soon (so in violation of *Civil Code* § 2924), and the notice of default listed the wrong date of default.  *Id.* at 89, 97. The court rejected both as grounds for relief from foreclosure, holding plaintiffs failed to show any prejudice from either error that would warrant such relief.   The Court noted:

> [T]he slight procedural irregularity in the service of the Sale Notice did *not* cause any injury to Borrowers. They had notice of the original sale date; the trustee's sale did not go forward until almost *one year after* the date noticed. There was no *prejudicial* procedural irregularity. *Id.* at 94 (italics original).

*Knapp* also cited with approval the Ninth Circuit's decision in *Lehner v. United States*, 685 F.2d 1187 (9th Cir. 1982).  *See Knapp*, 123 Cal.App.4th at 94-94.  In that case, the notice of sale was sent to a wrong address, but the borrower knew of the imminent sale.  Despite the noncompliance with a substantive requirement of the nonjudicial foreclosure process — sending the notice of sale to the trustor — the Court

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MOTION TO STRIKE**

excused the error because of the lack of prejudice to the borrower. *Id*. at 1190-91. Other federal courts in California, relying on *Knapp*, have also found that non-prejudicial procedural irregularities do not warrant judicial relief from foreclosure. *See Reynoso v. Paul Financial, LLC*, No. 09-3225 SC, 2009 WL 3833298, at *4 (N.D.Cal. Nov. 16, 2009) (irregularities with notice of sale caused no prejudice); *Moore v. Chase Bank*, Case No. 08-0350 SC, 2008 WL 961161, slip op. at *4 (N.D. Cal. Apr. 7, 2008) (errors on default notice were "at most, a technicality").

The California Court of Appeal has found no prejudice results from allegations, which Plaintiff brought in *Naranjo II*, that an assignment of deed of trust or note was invalid. *See Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256 (2011):

> We also note a plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests. . . . Plaintiff effectively concedes she was in default, and she does not allege that the transfer to HSBC interfered in any manner with her payment of the note [citation], nor that the original lender would have refrained from foreclosure under the circumstances presented. . . .

*Id*. at 272; *see also Herrera v. Fed. Nat'l Mortg. Ass'n,* 205 Cal.App.4th 1495, 1507-08 (2012) (citing *Fontenot* with approval).

Plaintiff does not deny defaulting on the Loan. Nor does she identify any particular prejudice she has suffered by defendants' purported failure to modify her loan – particularly in light of her documented intent not to even abide by the allegedly promised loan modification. (*E.g.*, Ex. L at Doc. 13, p. 2 of 5 (rejected bankruptcy plan proposing $1,000 payments to ALS).) While she complains she paid $44,000 since September 2009 (Compl., ¶¶ 9-10 & 19), it is a mystery how this constitutes prejudice given (1) she was **already** obligated to make higher payments under her Loan agreement and (2) she has remained in the million-dollar Property for more than **four years** (average monthly payments of less than $1,000 per month).

Because plaintiff does not allege any cognizable prejudice, she cannot obtain relief from foreclosure.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**D.      Each of Plaintiff's Causes of Action Individually Fail**

**1)      Plaintiff's First Cause of Action for Breach of Contract Fails**

Plaintiff's first cause of action is for written contract based on allegations "Defendant" (she does not specify which one) breached two written forbearance agreements.  (Compl., ¶¶ 31 & 36.)

To establish breach of contract a plaintiff must show: (1) the existence of the contract; (2) plaintiff's performance of the contract or excuse for non-performance; (3) defendant's breach; and (4) resulting damage.  *Lortz v. Connell*, 273 Cal.App.2d 286, 290 (1969).  Plaintiff cannot satisfy these elements.

"If the action is based on an alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference.  [Citation.]"  *Otworth v. S. Pac. Transp. Co.*, 166 Cal.App.3d 452, 459 (1985).  Presumably, she fails to do so because neither alleged agreement promises a permanent modification.

To the extent she relies on alleged oral representations that she would receive a permanent modification if she complied with a written agreement that did **not** provide for a permanent modification (e.g., Compl., ¶ 9), such reliance is misplaced. Giving effect to such oral promise related to real property, however, would violate the statute of frauds.

A mortgage or deed of trust with a power of sale falls under the statute of frauds. *Civil Code* §§ 1624, 2922; *Secrest v. Sec. Nat'l Mortgage*, 167 Cal. App. 4th 544, 552-53 (2008).   The vaguely alleged statements, which would constitute oral modifications of plaintiff's written agreement (whether her original loan documents or the vaguely alleged forbearance agreements), are therefore unenforceable. *Civil Code* § 1698.    A gratuitous oral agreement, *i.e.*, one not supported by consideration, is not sufficient to modify a loan obligation.  *Raedeke v. Gibralter Sav. & Loan Ass'n*, 10 Cal. 3d 665, 673 (1974).   To be enforceable, the agreement is required to not only be in writing, but also to be signed by the party to be charged.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1  *Civil Code* § 1624(a).   Here, ALS' alleged oral promises of a permanent loan

2  modification fall under the statute of frauds – to be enforceable, the promises would

3  have to be in writing.  *E.g., Karlsen v. Am. Savings & Loan Ass'n*, 15 Cal. App. 3d 112,

4  121 (1971) (oral agreement to extend foreclosure period unenforceable).

5  Debtor simply does not establish the existence of any contract.

6         Plaintiff's first cause of action should be dismissed with prejudice.

7              **2)   Plaintiff's Third Cause of Action for Promissory Estoppel Fails**

8         Plaintiff's promissory estoppel claim is predicated on the same facts that

9  comprise her breach of contract action.  (Compl., ¶ 59.)  This claim lacks merit as

10  plaintiff cannot plead the requisite elements of promissory estoppel:

11  "(1) a clear promise; (2) reliance; (3) substantial detriment; and (4) damages measured

12  by the extent of the obligation assumed and not performed."  *Poway Royal Mobilehome*

13  *Owners Ass'n v. City of Poway*, 149 Cal. App. 4th 1460, 1471 (2007).

14         At the outset, where there is an express contract, promissory estoppel is

15  inapplicable.  *Phillips Med. Capital, LLC v. Med. Insights Diagnostics Center, Inc.*,

16  471 F.Supp.2d 1035 (N.D. Cal. 2007) ("In other words, when the promisee's reliance

17  was bargained for, the law of consideration applies; and it is only where the reliance

18  was unbargained for that there is room for application of the doctrine of promissory

19  estoppel.") (quoting *Healy v. Brewster*, 59 Cal. 2d 455, 463 (1963)).  Here, plaintiff

20  asserts she was "told" her Loan would be permanently modified if she "completed"

21  written agreements.  (Compl., ¶ 59.)  Any contractual obligation ALS owed plaintiff is

22  governed by those written agreements – not some supplemental oral agreement.

23         Plaintiff also fails to even identify a clear promise.  She only alleges that she was

24  "told [] her Loan would be permanently modified. . ." (Compl., ¶ 59); she does not

25  specify a **single** term of the supposedly promised modification.  Not the interest rate.

26  Not the term.  Not the monthly payment.  Nothing.

27         Nor can she establish "[j]ustifiable reliance . . . where a written contract exists

28  whose terms contradict the oral representation."  *In re U.S. Office Prods. Co. Sec. Lit.*,

251 F.Supp.2d 58, 75 (D.D.C. 2003) (no reasonable reliance on representations made after a contract is formed where those representations are contradicted by the language of the agreement); *see also Durkee v. Goodyear Tire & Rubber Co*., 676 F.Supp. 189, 193 (W.D.Wis. 1987) (no reasonable reliance on promises of exclusivity contradicted by the contract itself); *Dore v. Arnold Worldwide, Inc.*, 39 Cal. 4th 384, 139 P.3d 56, 61 (2006) (employee signing letter stating he was an at-will employee could not have reasonably understood his employer to have promised him long-term employment).

And, as discussed above, it is not remotely clear what prejudice or detriment suffered, particularly given her perpetual bankruptcies and effort therein to **avoid** whatever permanent loan modification she believes she should have received. (*E.g*., Ex. L at Doc. 13, p. 2 of 5 (rejected plan proposing $1,000 payments to ALS).)

Plaintiff's third cause of action should be dismissed with prejudice.

### 3)   Plaintiff's Second Cause of Action for Negligence Fails

Plaintiff's second cause of action for negligence is a non-starter because financial institutions such as ALS and Nationstar owe no negligence duty of care to borrowers such as plaintiff. A financial institution protects **its own** interests, not a borrower's. *Nymark v. Heart Fed. Savings & Loan Assn*., 231 Cal.App.3d 1089, 1096 (1991). Plaintiff cites the recent decision of *Jolley v. Chase Home Finance, LLC*[5] for the proposition that "a duty of care arises when a servicer engages with a borrower in modification negotiations." (Compl., ¶ 39.)

The Court of Appeal in *Aspiras v. Wells Fargo Bank, N.A.*, 219 Cal.App.4th 948 (2013) characterized *Jolley's* consideration of the duties of care of a conventional lender as mere dicta and declined to apply that dicta in the same context as this case – a dispute over modification of a traditional loan secured by residential property. In particular, the court in *Aspiras* explained "[w]e acknowledge *Jolley* reached a different conclusion, but that case involved a construction loan, **a critical distinction that renders *Jolley* inapposite**." *Aspiras,* 162 Cal.Rptr.3d at 243 (emphasis added).

[5] 213 Cal.App.4th 872, 899 (2013).

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Its conclusion, directly applicable here, was that "[t]hese circumstances do not involve a construction loan, and as we have stated, **the handling of loan modification negotiations or servicing is a typical lending activity that precludes imposition of a duty of due care**.  To the extent *Jolley* addresses the roles and purported duties of a conventional lender, we decline to follow its dicta." *Id*. (emphasis added).

Plaintiff's second cause of action should be dismissed with prejudice.

### 4)   Plaintiff's Fourth Cause of Action for Declaratory Relief Fails

The fourth cause of action seeks a declaration of the parties' respective rights and duties related to the Loan.  (Compl., ¶ 67.)

The "cause of action" fails at the outset because declaratory relief is not an independent claim, but a form of relief.  *See, e.g., City of Hollister v. Monterey Ins. Co.*, 165 Cal.App.4th 455, 480 (2008) ("Proceedings for declaratory relief generally sound in equity.")  It is appropriate to dismiss a claim for declaratory relief as a cause of action in favor of construing it as a requested remedy.  *Cf. Cox Comm'ns L.P. v. City of San Marcos,* 204 F.Supp.2d 1272, 1283 (S.D. Cal. 2002) (dismissing claim for "injunctive relief" because such a claim is not itself a cause of action).  A declaratory relief cause of action cannot survive a motion to dismiss when the substantive claims on which it is based are subject to dismissal.  *See, e.g., Avirez Ltd. v. Resolution Trust Co.*, 876 F.Supp. 1125, 1143 (C.D. Cal. 1995).

Regardless, plaintiff's request for declaratory relief merely seeks to address the same issues as her other claims – i.e., an alleged "contract to modify Plaintiff's Loan [] that Aurora [allegedly] breached. . ."  (Compl., ¶ 68.)  Because this claim duplicates allegations found in other claims, it should be dismissed under the above authorities, with prejudice.

/ / /

/ / /

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MOTION TO STRIKE**

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1  **V.    MOTION TO STRIKE REQUEST FOR PUNITIVE DAMAGES &**

2  **ATTORNEY'S FEES**

3      Defendants also move to strike the request for punitive damages and attorneys'

4  fees to the extent any causes of action in the Complaint survive the motion to dismiss.

5  Under Fed. R. Civ. P. 12(f), the court may strike from a pleading "an insufficient

6  defense or any redundant, immaterial, impertinent or scandalous matter."

7      The Complaint requests punitive damages.  (Compl. at 12:5-6.)   *Civil Code* §

8  3294  permits the imposition of punitive damages only "in an action for the breach of

9  an obligation not arising from contract, where it is proven by clear and convincing

10  evidence that the defendant is guilty of fraud, oppression or malice. . ."  To recover

11  punitive damages from a corporation, a plaintiff must also prove the company had

12  advance knowledge of the unfitness of one or more of its employees but, with

13  conscious disregard to the rights of others, authorized or ratified the employee's

14  wrongdoing.  *Civil Code* § 3294(b).  The Complaint does not offer any viable

15  allegations of wrongdoing by any particular employee of defendants, much less that

16  defendants had advance knowledge of that employee's wrongdoing.

17      An award of punitive damages must also be based upon something more than

18  mere allegations because the grant of punitive damages is an extraordinary remedy that

19  should be granted only with the greatest caution.  *Beck v. State Farm Mutual Auto Ins.*

20  *Co.,* 54 Cal.App.3d 347, 355 (1976).  There must be circumstances of oppression, fraud

21  or malice and facts must be alleged to support such claims.  *Grieves v. Superior Court*,

22  157 Cal.App.3d 159, 203 (1984).  Malice sufficient to support an award of punitive

23  damages is pled when a plaintiff alleges with factual particularity that defendants had a

24  conscious, probable intent to vex, injure or annoy plaintiff for the sole purpose of

25  obtaining satisfaction from inflicting injury.  *Tresemer v. Varke*, 86 Cal.App.3d 656,

26  668 (1978).  Vague allegations will not suffice.  *See Marcelos v. Dominguez*, No. C 08-

27  00056, 2008 WL 1820683, at *12 (N.D.Cal. April 21, 2008).

28      As for attorney's fees, a party may not recover them unless specifically provided

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   for by statute or agreement between the parties.  California *Code Civ. Proc.* § 1021.

2   Plaintiff does not identify any terms of an agreement that would allow her to recover

3   attorney's fees (*see,* generally, Compl.) but requests them anyway (Compl. at 11:28).

4          For these reasons, plaintiff's unsupported allegations and requests regarding

5   punitive damages and attorneys' fees should be stricken.  Specifically: paragraphs 5 and

6   8 from the prayer for relief in the Complaint.

7   **VI.      CONCLUSION**

8          For the foregoing reasons, defendants respectfully request the Court dismiss

9   plaintiff's Complaint in its entirety, with prejudice.  Should any claims survive this

10  motion, defendants request that plaintiff's requests for punitive damages and attorneys'

11  be stricken from the Complaint.

12

13  Dated: January 16, 2014                    Respectfully submitted,

14                                             **AKERMAN LLP**

15

16                                             By: */s/ Preston K. Ascherin*
                                                   Preston K. Ascherin

17

18                                             Attorneys for Defendants
                                               AURORA LOAN SERVICES LLC and
                                               NATIONSTAR MORTGAGE LLC

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MOTION TO STRIKE**