UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN NARANJO,<br><br>　　　　　　Plaintiff,<br>v.<br><br>AURORA LOAN SERVICES, LLC, *et. al*,<br><br>　　　　　　Defendants. | Civil No. 14cv0065 JAH (JMA)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND STRIKE**<br>**[Doc. No. 3]** |

## BACKGROUND

Plaintiff, Carmen Naranjo, originally filed this action for breach of contract, negligence, California Business and Professions Code § 17200, *et. seq.*, and declaratory relief in Superior Court on December 3, 2013. The action involves real property known as 7060 Heron Circle, Carlsbad, California 92011. She names Aurora Loan Services LLC, Nationstar Mortgage, LLC and Does 1 through 100, inclusive, as defendants. Defendants removed the matter to federal court on January 9, 2014. Shortly thereafter, Defendants filed the pending motion to dismiss and strike. Plaintiff filed an opposition and Defendants filed a reply. The matter was set for hearing but was taken under submission pursuant to Local Rule 7.1. Upon review of the parties' submissions and for the reasons discussed below, the Court GRANTS Defendants' motion to dismiss.

## DISCUSSION

Defendants move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants also seek to strike Plaintiff's claim for punitive damages and attorney's fees.

14v65

## I. Motion to Dismiss

### A. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Analysis

Defendants argue Plaintiff's claims are barred by her bankruptcies. They further argue Plaintiff lacks standing to assert her claims because she does not allege she tendered or is able to tender the amount of her debt, and she fails to show prejudice. Defendants also argue each of Plaintiff's claims fail on their own.

#### 1. Bankruptcy Bar

Defendants argue Plaintiff lacks standing to bring the pending action due to her Chapter 7 bankruptcy. They maintain Plaintiff initiated a Chapter 7 bankruptcy on

March 3, 2011. See Bankruptcy Petition, Defs' Exh. I (Doc. No. 3 - 4).[1] Defendants argue under the Bankruptcy Code all Plaintiff's claims became property of the bankruptcy estate upon filing and remain its property. They further argue Plaintiff has not obtained an abandonment of the claims from the trustee, and as such, she is not the real party in interest and is without standing to pursue her claims.

In opposition, Plaintiff argues the claims are not part of her Chapter 7 bankruptcy, because they did not arise until after the filing of the first bankruptcy case. She maintains that at the time of the bankruptcy filing, she was involved in the loan modification application process and was trying to work with Defendant Aurora. She contends her Statement of Intention, in which she expressed her intention to reaffirm the loan, evidences her belief that Aurora would correct its errors and enable her to save her home. Plaintiff argues it was not until after Aurora transferred the loan to Nationstar that the pursuit of the loan modification concluded and the claims asserted in the complaint arose. She further argues the legal principals upon which the complaint relies arose after her bankruptcy filings. In support she points to California's Homeowners Bill of Rights and California Court of Appeals case law.[2]

In reply, Defendants argue Plaintiff provides no authority that her unilateral decision to abandon "pursuit of a loan modification" is the genesis of the existence of her claims. They maintain Plaintiff admits having been denied an allegedly promised second loan modification by January 2011, five months before obtaining a Chapter 7 discharge. They further argue Plaintiff provides no authority that California's Homeowners Bill of Rights operates retroactively to on or before January 2011. Additionally, they argue

---

[1] Defendants seek judicial notice of certain court documents filed in the United States District Court for the Southern District of California, documents filed in United States Bankruptcy Court, Southern District of California, and deeds of trust. Defendants request judicial notice on the grounds the documents are public records, records of this Court and their contents are not subject to reasonable dispute. The Court GRANTS Defendants request for judicial notice pursuant to Rule 201 of the Federal Rules of Evidence.

[2] Plaintiff cites to Jolley v. Chase Home Finance, LLC, 213 Cal.App.4th 827 (2013); and West v. JP Morgan Chase Bank, N.A., 214 Cal.App.4th 780 (2013).

Plaintiff fails to explain how the Court of Appeals cases created new potential claims.

The commencement of a bankruptcy action creates an estate and "all legal or equitable interests of the debtor in property" becomes the property of the estate. 11 U.S.C. § 541. "The scope of section 541 is broad, and includes causes of action." Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir. 1986). Accordingly, an individual who files for bankruptcy does not have standing to pursue any legal claims that are part of the bankruptcy estate. Turner v. Cook, 362 F.3d 1219, 1225 (9th Cir.2004). This includes legal claims that arise while bankruptcy proceedings are pending. See Vertkin v. Wells Fargo Home Mortg., 2010 WL 3619798 *2 (N.D.Cal. 2010) (citing In re Kottmeier, 240 B.R. 440, 442 (M.D.Fla. 1999)). The individual may regain standing if the bankruptcy trustee abandons the claims. See Catalano v. C.I.R., 279 F.3d 682 (9th Cir. 2002).

According to the allegations of the complaint, Defendant Aurora offered Plaintiff a "Special Forbearance Agreement" in which it agreed to accept modified monthly payments from Plaintiff and verbally represented it would offer Plaintiff a loan modification. Complaint ¶ 9. She entered into another "Special Forbearance Agreement" on or about July 9, 2010. Id. ¶ 16. She alleges she was denied a second loan modification by Defendant Aurora on or around January 27, 2011. Id. ¶ 18. She further alleges Aurora misled her into believing she would obtain a modification but stopped accepting payments and refused to honor the forbearance agreements. Id. ¶ 19. According to the complaint, "Defendant initiated foreclosure proceedings in June 2011." Id. ¶ 20.

Plaintiff's claims are based upon Defendants' purported mismanagement of the loan modification process and failure to comply with the "Special Forbearance Agreements." All Plaintiff's factual allegations involve conduct occurring prior to the denial of the second loan modification request in January 2011.

Plaintiff initiated Chapter 7 bankruptcy proceedings on March 3, 2011. She was granted a discharge on June 6, 2011.

The Court finds Plaintiff's claims arose prior to the initiation of the Chapter 7

1  bankruptcy proceedings.  Although Plaintiff contends the claims arose after she gave up
2  her pursuit of modification when the loan was transferred to Nationstar, she provides no
3  authority to support this contention.  Furthermore, her allegations and the bankruptcy
4  documents demonstrate otherwise.  Additionally, the Court is not persuaded by Plaintiff's
5  argument that the legal principals upon which she bases her claims did not exist prior to
6  the filing of the lawsuit.  The Homeowners Bill of Rights, which was enacted on January
7  1, 2013, is not retroactive.  See Rockridge Trust v. Wells Fargo, N.A., 985 F.Supp.2d
8  1110, 1152 (N.D.Cal. 2013); Sabherwal v. Bank of New York Mellon, 2013 WL 4833940
9  *10 (S.D.Cal. 2013).  Also, as noted by Defendants, Plaintiff sets forth no explanation for
10 her contention that California case law provides new claims.  This Court declines to
11 speculate as to her explanation or argument.

12 There is no indication the claims were listed on the schedule of assets.  The
13 "unscheduled" assets remain the property of the estate even after discharge.  See 11 U.S.C.
14 § 554(d), (d); see also Dunmore v. U.S., 358 F.3d 1107, 1112 (9th Cir. 2004).  Absent
15 an abandonment of the claims, Plaintiff is not the real party in interest.  Plaintiff does not
16 argue and there is no evidence the claims were abandoned.  Accordingly, Plaintiff fails to
17 to establish prudential standing to bring the claims in the complaint.  See Dunmore v.
18 United States, 358 F.3d 1107, 1112 (9th Cir. 2004).

19 **2. Remaining Arguments**

20 Because the Court finds Plaintiff is without standing to assert the claims in the
21 complaint, it will not address Defendants' remaining arguments in support of dismissal
22 and their request to strike.

23 **CONCLUSION AND ORDER**

24 Based on the foregoing, IT IS HEREBY ORDERED Defendants' motion to dismiss
25 is **GRANTED**.  The complaint is dismissed in its entirety.
26 Dated: September 25, 2014

JOHN A. HOUSTON
United States District Judge